SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

05TT012595

------------------------------------------------------------X

FRANCES BISHOP, as Administratrix of
the Estate of JAMES BISHOP, deceased and FRANCES
BISHOP, individually,

CV 06 2843

                                    Plaintiff,

          -against-

SUMMONS

ROSS, J.

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER LOUIS
EPPOLITO and POLICE OFFICER STEPHEN
CARACAPPA,

Index #: 11388/06

MATSUMOTO, M.J.  11/19/06

                                    Defendants.

FILED

------------------------------------------------------------X

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

Plaintiff designates:          Queens County as the place of trial
Basis of the venue is:         Residence of the plaintiff
Plaintiff resides at:          141-10 South Drive, Malba, NY 11357

☆   JUN 0 6 2006   ☆

BROOKLYN OFFICE

To the above named Defendant:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the plaintiff's attorneys within **20 days** after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Defendant's address:

THE CITY OF NEW YORK, 100 Church Street, New York, NY 10007
THE NEW YORK CITY POLICE DEPARTMENT, 1 Police Plaza, New York, NY 10038

Dated: New York, New York
       May 4, 2006

                                    Yours, etc.,

                                    O'DWYER & BERNSTIEN
                                    Attorneys for Plaintiff
                                    FRANCES BISHOP
                                    52 Duane Street
                                    New York, New York 10007
                                    (212) 571-7100

                                    By: _Cody McCone_
                                         CODY McCONE

05-17-1990

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------X
FRANCES BISHOP, as Administratrix of
the Estate of JAMES BISHOP, deceased and FRANCES
BISHOP, individually,

                              Plaintiff,                   **VERIFIED**
                                                       **COMPLAINT**

   -against-

THE CITY OF NEW YORK, THE NEW YORK CITY        Index #:
POLICE DEPARTMENT, POLICE OFFICER LOUIS
EPPOLITO and POLICE OFFICER STEPHEN
CARACAPPA,

                         Defendants.
------------------------------------------X

       Plaintiff, FRANCES BISHOP, as Administratrix of the Estate of JAMES BISHOP, deceased,

and individually, by and through her attorneys, O'DWYER & BERNSTIEN, LLP alleges, upon

information and belief, as follows:

       1.       This is an action brought by the plaintiff, FRANCES BISHOP, in her capacity as

Administratrix of the Estate of JAMES BISHOP for the assault, battery, wrongful death and

conscious pain and suffering of JAMES BISHOP at the hands of the defendants.

       2.       At all times relevant herein, plaintiff's decedent JAMES BISHOP was a resident of

the State of New York, County of Queens.

       3.       By order dated March 28, 2006, Hon. Robert L. Nahman, Surrogate of Queens County,

granted Limited and Restricted Letters of Administration to FRANCES BISHOP, Administratrix of

the Estate of JAMES BISHOP a/k/a JAMES D. BISHOP, deceased, authorizing her to maintain this

action on behalf of the heirs at law and next-of-kin of said decedent. Said letters are still in full force and

effect.

4.     The cause of action alleged herein arose in the State of New York, County of Queens.

5.     This action falls within one or more of the exemptions set forth in CPLR §1602.

6.     On June 3, 2005, and within the time prescribed by law, a sworn Notice of Claim stating among other things, the time and place where the injuries and deprivations of Constitutional rights were sustained, together with plaintiff's demands for adjustment thereof was duly served on the plaintiff's behalf and on the Comptroller of the City of New York and that thereafter said Comptroller for The City of New York refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

7.     At the request of The City of New York, plaintiff Frances Bishop submitted to a statutory hearing at the office of the Comptroller of the City of New York.

8.     This action is being commenced within one year and ninety days of the learning of the existence of the causes of action claimed herein.

9.     On May 17, 1990 and at all times relevant to the action herein, defendant The City of New York was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.     On May 17, 1990 and at all times relevant to the action herein, defendant The City of New York owned, operated, maintained and controlled a Police Department known as The New York City Police Department and employed the police officers, detectives and supervisory officers therein.

11.     On May 17, 1990 and at all times relevant to the action herein, defendant The New York City Police Department hired, screened, trained, instructed, managed and supervised its police officers.

12.    On May 17, 1990 and at all times relevant to the action herein, defendant The City of New York and/or defendant The New York City Police Department employed defendant Louis Eppolito.

13.    On May 17, 1990 and at all times relevant to the action herein, defendant The City of New York and/or defendant The New York City Police Department employed defendant Stephen Caracappa.

14.    On May 17, 1990 and at all times relevant to the action herein, defendant The City of New York and/or defendant The New York City Police Department employed defendant Louis Eppolito as a police officer.

15.    On May 17, 1990 and at all times relevant to the action herein, defendant The City of New York and/or defendant The New York City Police Department employed defendant Stephen Caracappa as a police officer.

16.    On May 17, 1990 and at all times relevant to the action herein, defendant Louis Eppolito was engaged in his employment with The New York City Police Department.

17.    On May 17, 1990 and at all times relevant to the action herein, defendant Stephen Caracappa was engaged in his employment with The New York City Police Department.

18.    On May 17, 1990 and at all times relevant to the action herein, defendant Louis Eppolito was an employee, agent, licensee and/or servant of The New York City Police Department.

19.    On May 17, 1990 and at all times relevant to the action herein, defendant Stephen Caracappa was an employee, agent, licensee and/or servant of The New York City Police Department.

20.     On May 17, 1990 and at all times relevant to the action herein, defendant Louis Eppolito was acting within the scope and in furtherance of his employment and in the interests of defendant The City Of New York.

21.     On May 17, 1990 and at all times relevant to the action herein, defendant Stephen Caracappa was acting within the scope and in furtherance of his employment and in the interests of defendant The City Of New York.

22.     On May 17, 1990 and at all times relevant to the action herein, defendant Louis Eppolito was acting within the scope and in furtherance of his employment and in the interests of defendant The New York City Police Department.

23.     On May 17, 1990 and at all times relevant to the action herein, defendant Stephen Caracappa was acting within the scope and in furtherance of his employment and in the interests of defendant The New York City Police Department.

24.     On May 17, 1990 and at all times relevant to the action herein, defendant Louis Eppolito was not acting within the scope and in furtherance of his employment and in the interests of defendant The City of New York.

25.     On May 17, 1990 and at all times relevant to the action herein, defendant Stephen Caracappa was not acting within the scope and in furtherance of his employment and in the interests of defendant The City of New York.

26.     On May 17, 1990 and at all times relevant to the action herein, defendant Louis Eppolito was not acting within the scope and in furtherance of his employment and in the interests of defendant The New York City Police Department.

27.     On May 17, 1990 and at all times relevant to the action herein, defendant Stephen Caracappa was not acting within the scope and in furtherance of his employment and in the interests of defendant The New York City Police Department.

28.     On May 17, 1990 and at all times relevant to the action herein, as the result of numerous and substantiated threats, defendant The City of New York undertook the responsibility for protect the life and safety of plaintiff's decedent James Bishop.

29.     On May 17, 1990 and at all times relevant to the action herein, as the result of numerous and substantiated threats, defendant The New York City Police Department undertook the responsibility for protect the life and safety of plaintiff's decedent James Bishop.

30.     On May 17, 1990 and at all times relevant to the action herein, as the result of numerous and substantiated threats, defendant Louis Eppolito undertook the responsibility for protect the life and safety of plaintiff's decedent James Bishop.

31.     On May 17, 1990 and at all times relevant to the action herein, as the result of numerous and substantiated threats, defendant Stephen Caracappa undertook the responsibility for protect the life and safety of plaintiff's decedent James Bishop.

32.     On May 17, 1990 and at all times relevant to the action herein, defendant The City of New York was responsible for the safety and protection of plaintiff's decedent James Bishop.

33.     On May 17, 1990 and at all times relevant to the action herein, defendant The New York City Police Department was responsible for the safety and protection of plaintiff's decedent James Bishop.

34.     On May 17, 1990 and at all times relevant to the action herein, defendant Louis Eppolito was responsible for the safety and protection of plaintiff's decedent James Bishop.

35.     On May 17, 1990 and at all times relevant to the action herein, defendant Stephen Caracappa was responsible for the safety and protection of plaintiff's decedent James Bishop.

36.     On May 17, 1990, defendant The City of New York intentionally, willfully, wantonly, maliciously and recklessly permitted individuals affiliated with organized crime to assault plaintiff's decedent James Bishop.

37.    On May 17, 1990, defendant The New York City Police Department intentionally, willfully, wantonly, maliciously and recklessly permitted individuals affiliated with organized crime to assault plaintiff's decedent James Bishop.

38.    On May 17, 1990, defendant Louis Eppolito intentionally, willfully, wantonly, maliciously and recklessly permitted individuals affiliated with organized crime to assault plaintiff's decedent James Bishop.

39.    On May 17, 1990, defendant Stephen Caracappa intentionally, willfully, wantonly, maliciously and recklessly permitted individuals affiliated with organized crime to assault plaintiff's decedent James Bishop.

40.    On May 17, 1990, defendant Louis Eppolito intentionally, willfully, wantonly, maliciously and recklessly assaulted plaintiff's decedent James Bishop.

41.    On May 17, 1990, defendant Stephen Caracappa intentionally, willfully, wantonly, maliciously and recklessly assaulted plaintiff's decedent James Bishop.

42.    On May 17, 1990, defendant Louis Eppolito intentionally placed plaintiff's decedent James Bishop in apprehension of imminent, harmful and/or offensive conduct.

43.    On May 17, 1990, defendant Stephen Caracappa intentionally placed plaintiff's decedent James Bishop in apprehension of imminent, harmful and/or offensive conduct.

44.    At the time of the aforesaid assault, defendant Louis Eppolito was acting within the scope and in furtherance of his employment with defendant The City of New York.

45.    At the time of the aforesaid assault, defendant Stephen Caracappa was acting within the scope and in furtherance of his employment with defendant The City of New York.

46.    At the time of the aforesaid assault, defendant Louis Eppolito was not acting within the scope and in furtherance of his employment with defendant The City of New York.

47.     At the time of the aforesaid assault, defendant Stephen Caracappa was not acting within the scope and in furtherance of his employment with defendant The City of New York.

48.     At the time of the aforesaid assault, defendant Louis Eppolito was acting within the scope and in furtherance of his employment with defendant The New York City Police Department.

49.     At the time of the aforesaid assault, defendant Stephen Caracappa was acting within the scope and in furtherance of his employment with defendant The New York City Police Department.

50.     At the time of the aforesaid assault, defendant Louis Eppolito was not acting within the scope and in furtherance of his employment with defendant The New York City Police Department.

51.     At the time of the aforesaid assault, defendant Stephen Caracappa was not acting within the scope and in furtherance of his employment with defendant The New York City Police Department.

52.     Because of the above-mentioned assault, plaintiff's decedent James Bishop sustained severe injuries and experienced conscious pain and suffering from the time of the occurrence until her death on May 17, 1990.

53.     By reason of the foregoing, plaintiff Frances Bishop, as Administratrix of the Estate of James Bishop, deceased, demands judgment in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

54.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

55.     On May 17, 1990, defendant Louis Eppolito intentionally touched plaintiff's decedent James Bishop.

56.    On May 17, 1990, defendant Stephen Caracappa intentionally touched plaintiff's decedent James Bishop.

57.    On May 17, 1990, defendant Louis Eppolito intentionally touched plaintiff's decedent James Bishop without his consent.

58.    On May 17, 1990, defendant Stephen Caracappa intentionally touched plaintiff's decedent James Bishop without his consent.

59.    On May 17, 1990, defendant Louis Eppolito's touching of plaintiff's decedent James Bishop caused an offensive bodily contact.

60.    On May 17, 1990, defendant Stephen Caracappa's touching of plaintiff's decedent James Bishop caused an offensive bodily contact.

61.    On May 17, 1990, defendant Louis Eppolito intended to cause on offensive bodily contact to the person of plaintiff's decedent James Bishop.

62.    On May 17, 1990, defendant Stephen Caracappa intended to cause on offensive bodily contact to the person of plaintiff's decedent James Bishop.

63.    On May 17, 1990, defendant Louis Eppolito intentionally, willfully, wantonly, maliciously and recklessly battered plaintiff's decedent James Bishop.

64.    On May 17, 1990, defendant Stephen Caracappa intentionally, willfully, wantonly, maliciously and recklessly battered plaintiff's decedent James Bishop.

65.    On May 17, 1990 defendant Louis Eppolito intentionally, willfully, wantonly, maliciously and recklessly shot plaintiff's decedent James Bishop eleven (11) times in the head.

66.    On May 17, 1990 defendant Stephen Caracappa intentionally, willfully, wantonly, maliciously and recklessly shot plaintiff's decedent James Bishop eleven (11) times in the head.

67.    On May 17, 1990 defendant Louis Eppolito intentionally, willfully, wantonly, maliciously and recklessly killed plaintiff's decedent James Bishop.

68.     On May 17, 1990 defendant Stephen Caracappa intentionally, willfully, wantonly, maliciously and recklessly killed plaintiff's decedent James Bishop.

69.     At the time of the aforesaid battery, defendant Louis Eppolito was acting within the scope and in furtherance of his employment with defendant The City of New York.

70.     At the time of the aforesaid battery, defendant Stephen Caracappa was acting within the scope and in furtherance of his employment with defendant The City of New York.

71.     At the time of the aforesaid battery, defendant Louis Eppolito was not acting within the scope and in furtherance of his employment with defendant The City of New York.

72.     At the time of the aforesaid battery, defendant Stephen Caracappa was not acting within the scope and in furtherance of his employment with defendant The City of New York.

73.     At the time of the aforesaid battery, defendant Louis Eppolito was acting within the scope and in furtherance of his employment with defendant The New York City Police Department.

74.     At the time of the aforesaid battery, defendant Stephen Caracappa was acting within the scope and in furtherance of his employment with defendant The New York City Police Department.

75.     At the time of the aforesaid battery, defendant Louis Eppolito was not acting within the scope and in furtherance of his employment with defendant The New York City Police Department.

76.     At the time of the aforesaid battery, defendant Stephen Caracappa was not acting within the scope and in furtherance of his employment with defendant The New York City Police Department.

77.     Because of the above-mentioned assault, battery and shooting, plaintiff's decedent James Bishop sustained severe injuries and experienced conscious pain and suffering from the time of the occurrence until her death on May 17, 1990.

78.     By reason of the foregoing, plaintiff Frances Bishop, as Administratrix of the Estate of James Bishop, deceased, demands judgment in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

79.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

80.     By reason of the actions of defendant The City of New York and the injuries thereby inflicted, plaintiff's decedent James Bishop died on May 17, 1990.

81.     By reason of the actions of defendant The New York City Police Department and the injuries thereby inflicted, plaintiff's decedent James Bishop died on May 17, 1990.

82.     By reason of the actions of defendant Louis Eppolito and the injuries thereby inflicted, plaintiff's decedent James Bishop died on May 17, 1990.

83.     By reason of the actions of defendant Stephen Caracappa and the injuries thereby inflicted, plaintiff's decedent James Bishop died on May 17, 1990.

84.     Plaintiff's decedent James Bishop left surviving heirs-at-law and next-of-kin who have sustained pecuniary loss as a result of his wrongful death.

85.     By reason of the actions of the defendants named herein, funeral and burial expenses were necessarily incurred.

86.     The acts and omissions as alleged herein constitute violations of the statutes and common law of the State of New York.

87.     Because of the aforesaid wrongful death of plaintiff's decedent, her heirs-at-law and next-of-kin acting by and through plaintiff herein have sustained damages in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION

88.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

89.     On May 17, 1990 and prior thereto, it was the duty of defendant The City of New York and/or defendant The New York City Police Department to properly and adequately hire, screen, train, instruct, supervise, manage and control those persons in its employ as police officers.

90.     On May 17, 1990 and prior thereto, it was the duty of defendant The City Of New York and/or defendant The New York City Police Department to properly and adequately hire, screen, train, instruct, supervise, manage and control those persons in its employ as police officers with regard to the proper exercise of their duties.

91.     On May 17, 1990 and prior thereto, it was the duty of defendant The City of New York and/or defendant The New York City Police Department to properly and adequately hire, screen, train, instruct, supervise, manage and control those persons in its employ as police officers with regard to the proper exercise of their duties, including the standards by which confidential information should be maintained and not revealed to individuals affiliated with organized crime.

92.     On May 17, 1990 and prior thereto, the defendant The City of New York and/or defendant The New York City Police Department promulgated and propounded certain rules, procedures and guidelines with regard to the proper exercise of the duties of its police officers.

93.     On May 17, 1990 and prior thereto, the defendant The City of New York and/or defendant The New York City Police Department promulgated and propounded certain rules, procedures and guidelines with regard to the standards by which confidential information should be maintained and not revealed to individuals affiliated with organized crime.

94.     On May 17, 1990 and prior thereto, the defendant The City of New York and/or defendant The New York City Police Department promulgated and propounded certain rules, procedures and guidelines with regard to the proper exercise of the duties of its police officers in the

New York City Police Department Manual.

95.    On May 17, 1990 and prior thereto, the defendant The City of New York and/or defendant The New York City Police Department promulgated and propounded certain rules, procedures and guidelines with regard to the standards by which confidential information should be maintained and not revealed to individuals affiliated with organized crime in the New York City Police Department Manual.

96.    On May 17, 1990 and prior thereto, it was the duty of New York City Police Officers to be familiar with and to abide by the aforementioned rules, procedures and guidelines promulgated and propounded by the defendant The City of New York and/or defendant The New York City Police Department.

97.    On May 17, 1990 and prior thereto defendant The City of New York and/or defendant The New York City Police Department failed to properly and adequately hire, screen, train, instruct, supervise, manage and control defendant Louis Eppolito in connection with the exercise of his duties as a New York City Police Officer.

98.    On May 17, 1990 and prior thereto defendant The City of New York and/or defendant The New York City Police Department failed to properly and adequately hire, screen, train, instruct, supervise, manage and control defendant Stephen Caracappa in connection with the exercise of his duties as a New York City Police Officer.

99.    On May 17, 1990 and prior thereto defendant The City of New York and/or defendant The New York City Police Department failed to properly and adequately hire, screen, train, instruct, supervise, manage and control defendant Louis Eppolito in connection with the exercise of his duties as a police officer with regard to the proper execution of those duties.

100.    On May 17, 1990 and prior thereto defendant The City of New York and/or defendant The New York City Police Department failed to properly and adequately hire, screen, train, instruct,

supervise, manage and control defendant Stephen Caracappa in connection with the exercise of his duties as a police officer with regard to the proper execution of those duties.

101.    On May 17, 1990 and prior thereto defendant The City of New York and/or defendant The New York City Police Department failed to properly and adequately hire, screen, train, instruct, supervise, manage and control defendant Louis Eppolito in connection with the exercise of his duties as a police officer with regard to the standards by which confidential information should be maintained and not revealed to individuals affiliated with organized crime.

102.    On May 17, 1990 and prior thereto defendant The City of New York and/or defendant The New York City Police Department failed to properly and adequately hire, screen, train, instruct, supervise, manage and control defendant Stephen Caracappa in connection with the exercise of his duties as a police officer with regard to the standards by which confidential information should be maintained and not revealed to individuals affiliated with organized crime.

103.    The aforesaid occurrence and resulting injuries and death of plaintiff's decedent James Bishop were caused by the carelessness, recklessness and negligence of defendant The City of New York and/or defendant The New York City Police Department in failing to properly and adequately train defendant Louis Eppolito as a police officer in the proper procedures to follow and the standards by which confidential information should be maintained and not revealed to individuals affiliated with organized crime.

104.    The aforesaid occurrence and resulting injuries and death of plaintiff's decedent James Bishop were caused by the carelessness, recklessness and negligence of defendant The City of New York and/or defendant The New York City Police Department in failing to properly and adequately train defendant Stephen Caracappa as a police officer in the proper procedures to follow and the the standards by which confidential information should be maintained and not revealed to individuals affiliated with organized crime.

105.    The aforesaid occurrence and resulting injuries and death of plaintiff's decedent James

Bishop were caused by the carelessness, recklessness and negligence of defendant The City of New

York. defendant The New York City Police Department, their employees, agents, servants and/or

licensees in failing to properly and adequately hire, screen, train, instruct, supervise, manage and control

those persons in its employ as police officers; in failing to properly and adequately hire, screen, train,

instruct, supervise, manage and control those persons in its employ as police officers with regard to the

standards by which an arrest should be made; in negligently, recklessly and carelessly allowing

defendants Louis Eppolito and Stephen Caracappa to perform the duties of a police officer in light of

those defendants past performance, experience and history as police officers; in negligently, recklessly

and carelessly allowing defendants Louis Eppolito and Stephen Caracappa to perform the duties of a

police officer in light of those defendants mental, emotional and psychological well-being and past

experiences as police officers; in negligently, recklessly and carelessly allowing defendants Louis

Eppolito and Stephen Caracappa to perform the duties of a police officer in light of the evidence that

those officers were engaged in the practice of organized crime; in negligently, recklessly and carelessly

allowing defendant Louis Eppolito and Stephen Caracappa to perform the duties of a police officer in

light of the evidence that those officers were providing information and/or assistance to individuals

affiliated with organized crime; in failing to properly hire, select, screen, train, instruct and supervise the

selection of competent police officers; in failing to properly hire, retain, screen, instruct, train and

supervise its employees in the proper execution of the duties; in failing to properly and adequately hire,

screen, train, instruct, supervise, manage and control those persons in its employ as police officers to, in

the course of their duties, properly, adequately and safely maintain confidential information; in

compelling police officers to perform a duty for which they were not properly and adequately trained; in

failing to promulgate, propound, teach, instruct, advise and distribute proper and adequate certain rules,

procedures and guidelines with regard to the proper exercise of the duties of its police officers; in failing

to take reasonable measures to insure that police officers employed by the defendants were fully and properly familiar with and abided by the rules, procedures and guidelines promulgated and propounded by defendants; in failing to take reasonable measures to insure that police officers employed by the defendants did not release confidential information in which they were trusted to possess; in negligently, recklessly and carelessly allowing its police officers to perform their duties without providing adequate and proper training, instruction, supervision, and advice in the proper exercise of those duties; in tacitly and/or explicitly encouraging the wrongful conduct perpetrated by its police officers; in the reckless, careless and grossly negligent hiring, training, supervising and managing of individual police officers, including defendants Louis Eppolito and Stephen Caracappa; and in being otherwise negligent, reckless and careless in the hiring, screening, training, instructing, supervising, managing and controlling of its police officers, including Louis Eppolito and Stephen Caracappa.

106.    By reason of the aforesaid occurrence and the injuries and death which plaintiff's decedent James Bishop sustained thereby, he was caused to sustain and suffer physical and psychological injuries; he has suffered physical pain, mental anguish and emotional harm; he has been prevented from attending to his usual and customary activities and educational pursuits; he has suffered pecuniary loss thereby; and his said injuries are permanent in nature.

107.    By reason of the foregoing, plaintiff Frances Bishop, as Administratrix of the Estate of James Bishop, deceased, demands judgment in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION

108.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

109.    The acts committed by defendant Louis Eppolito were unnecessary, unjustified and unwarranted actions that occurred in the performance of his duties and within the scope of his

employment as a Police Officer with defendant The New York City Police Department and constituted an abuse of authority under color of state law.

110.    The acts committed by defendant Stephen Caracappa were unnecessary, unjustified and unwarranted actions that occurred in the performance of his duties and within the scope of his employment as a Police Officer with defendant The New York City Police Department and constituted an abuse of authority under color of state law.

111.    The actions of defendant Louis Eppolito deviated egregiously from statutory requirements and/or the accepted practices in criminal cases.

112.    The actions of defendant Stephen Caracappa deviated egregiously from statutory requirements and/or the accepted practices in criminal cases.

113.    By reason of the actions set forth above, defendants acted unlawfully and under color of state law subjected and caused to subject plaintiff's decedent James Bishop to the deprivation of his civil rights to which he is entitled by law, including violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, Title 28 U.S.C Sections 1331, 1343, 1367 and 2202 and Title 42 U.S.C. Sections 1982, 1983 and 1985, and Article I of the New York State Constitution and New York State Statutes.

114.    By reason of the aforesaid occurrence and the injuries and death which plaintiff's decedent James Bishop sustained thereby, he was caused to sustain and suffer physical and psychological injuries; he has suffered physical pain, mental anguish and emotional harm; he has been prevented from attending to his usual and customary activities and educational pursuits; he has suffered pecuniary loss thereby; and his said injuries are permanent in nature.

115.    By reason of the foregoing, plaintiff Frances Bishop, as Administratrix of the Estate of James Bishop, deceased, demands judgment in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A SIXTH CAUSE OF ACTION

116.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

117.    The acts committed by defendant Louis Eppolito were unnecessary, unjustified and unwarranted actions and were committed under the color of state law but were not committed within the performance of his duties and were not committed within the scope of his employment.

118.    The acts committed by defendant Stephen Caracappa were unnecessary, unjustified and unwarranted actions and were committed under the color of state law but were not committed within the performance of his duties and were not committed within the scope of his employment.

119.    The actions of the defendant Louis Eppolito deviated egregiously from statutory requirements and/or the accepted practices of law enforcement and police procedure.

120.    The actions of the defendant Stephen Caracappa deviated egregiously from statutory requirements and/or the accepted practices of law enforcement and police procedure.

121.    By reason of the actions set forth above, defendant acted unlawfully and under color of state law subjected and caused to subject plaintiff's decedent James Bishop to the deprivation of his civil rights to which he is entitled by law, including violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, Title 28 U.S.C. Sections 1331, 1343, 1367 and 2202 and Title 42 U.S.C. Sections 1982, 1983 and 1985, and Article I of the New York State Constitution and New York State Statutes.

122.    By reason of the aforesaid occurrence and the injuries and death which plaintiff's decedent James Bishop sustained thereby, he was caused to sustain and suffer physical and psychological injuries; he has suffered physical pain, mental anguish and emotional harm; he has been prevented from attending to his usual and customary activities and educational pursuits; he has suffered pecuniary loss thereby; and his said injuries are permanent in nature.

123.   By reason of the foregoing, plaintiff Frances Bishop, as Administratrix of the Estate of James Bishop, deceased, demands judgment in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A SEVENTH CAUSE OF ACTION

124.   Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

125.   On or about May 17, 1990, defendant Louis Eppolito provided confidential and privileged information of the whereabouts of plaintiff's decedents James Bishop to individuals known to be affiliated with organized crime.

126.   On or about May 17, 1990, defendant Stephen Caracappa provided confidential and privileged information of the whereabouts of plaintiff's decedents James Bishop to individuals known to be affiliated with organized crime.

127.   On May 17, 1990, defendant Louis Eppolito arranged for police protection to be removed from plaintiff's decedent James Bishop.

128.   On May 17, 1990, defendant Stephen Caracappa arranged for police protection to be removed from plaintiff's decedent James Bishop.

129.   On May 17, 1990 and at all times relevant to the action herein, defendant Louis Eppolito provided confidential and privileged information of the whereabouts of plaintiff's decedents James Bishop to individuals known to be affiliated with organized crime and arranged for police protection to be removed from plaintiff's decedent James Bishop with the intention of causing plaintiff's decedent James Bishop to be murdered by individuals affiliated with organized crime.

130.   On May 17, 1990 and at all times relevant to the action herein, defendant Stephen Caracappa provided confidential and privileged information of the whereabouts of plaintiff's decedents James Bishop to individuals known to be affiliated with organized crime and arranged for police

protection to be removed from plaintiff's decedent James Bishop with the intention of causing plaintiff's decedent James Bishop to be murdered by individuals affiliated with organized crime.

131.    On or about May 17, 1990, defendant Louis Eppolito provided confidential and privileged information of the whereabouts of plaintiff's decedents James Bishop to individuals known to be affiliated with organized crime under color of state law.

132.    On or about May 17, 1990, defendant Stephen Caracappa provided confidential and privileged information of the whereabouts of plaintiff's decedents James Bishop to individuals known to be affiliated with organized crime under color of state law.

133.    On May 17, 1990, defendant Louis Eppolito arranged for police protection to be removed from plaintiff's decedent James Bishop under color of state law.

134.    On May 17, 1990, defendant Stephen Caracappa arranged for police protection to be removed from plaintiff's decedent James Bishop under color of state law.

135.    On May 17, 1990 and at all times relevant to the action herein, defendant Louis Eppolito provided confidential and privileged information of the whereabouts of plaintiff's decedents James Bishop to individuals known to be affiliated with organized crime and arranged for police protection to be removed from plaintiff's decedent James Bishop with the intention of causing plaintiff's decedent James Bishop to be murdered by individuals affiliated with organized crime under color of state law.

136.    On May 17, 1990 and at all times relevant to the action herein, defendant Stephen Caracappa provided confidential and privileged information of the whereabouts of plaintiff's decedents James Bishop to individuals known to be affiliated with organized crime and arranged for police protection to be removed from plaintiff's decedent James Bishop with the intention of causing plaintiff's decedent James Bishop to be murdered by individuals affiliated with organized crime under color of state law.

137.    Defendant The City of New York was the employer of defendant Louis Eppolito and, as such, is liable for the tortious conduct of defendant Louis Eppolito, who acted within the scope of employment and whose actions constituted an unreasonable and excessive abuse of his authority under the color of state law under the doctrine of respondeat superior.

138.    Defendant The City of New York was the employer of defendant Stephen Caracappa and, as such, is liable for the tortious conduct of defendant Louis Eppolito, who acted within the scope of employment and whose actions constituted an unreasonable and excessive abuse of his authority under the color of state law under the doctrine of respondeat superior.

139.    Defendant The New York City Police Department was the employer of defendant Louis Eppolito and, as such, is liable for the tortious conduct of defendant Louis Eppolito, who acted within the scope of employment and whose actions constituted an unreasonable and excessive abuse of his authority under the color of state law under the doctrine of respondeat superior.

140.    Defendant The New York City Police Department was the employer of defendant Louis Eppolito and, as such, is liable for the tortious conduct of defendant Stephen Caracappa, who acted within the scope of employment and whose actions constituted an unreasonable and excessive abuse of his authority under the color of state law under the doctrine of respondeat superior.

141.    Defendant The City of New York tacitly and/or explicitly encouraged the wrongful conduct perpetrated by its police officers, including defendants Louis Eppolito and Stephen Caracappa and was reckless, careless, grossly negligent and indifferent to the federally protected rights of the plaintiff.

142.    Defendant The New York City Police Department tacitly and/or explicitly encouraged the wrongful conduct perpetrated by its police officers, including defendants Louis Eppolito and Stephen Caracappa and was reckless, careless, grossly negligent and indifferent to the federally protected rights of the plaintiff.

143.    By reasons as set forth above, defendant The City of New York is liable to plaintiff's decedent James Bishop for the tortious conduct of defendants Louis Eppolito and Stephen Caracappa for the deprivation of his civil rights under the color of state law, including violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, Title 28 U.S.C. Sections 1331, 1343, 1367 and 2202 and Article I of the New York State Constitution and New York State Statutes.

144.    By reasons as set forth above, defendant The New York City Police Department is liable to plaintiff's decedent James Bishop for the tortious conduct of defendants Louis Eppolito and Stephen Caracappa, for the deprivation of his civil rights under the color of state law, including violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, Title 28 U.S.C. Sections 1331, 1343, 1367 and 2202 and Article I of the New York State Constitution and New York State Statutes.

145.    By reason of the aforesaid occurrence and the injuries and death which plaintiff's decedent James Bishop sustained thereby, he was caused to sustain and suffer physical and psychological injuries; he has suffered physical pain, mental anguish and emotional harm; he has been prevented from attending to his usual and customary activities and educational pursuits; he has suffered pecuniary loss thereby; and his said injuries are permanent in nature.

146.    By reason of the foregoing, plaintiff Frances Bishop, as Administratrix of the Estate of James Bishop, deceased, demands judgment in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A EIGHTH CAUSE OF ACTION

147.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

148.    On May 17, 1990 and prior thereto, the defendant The City of New York promulgated and propounded certain rules, procedures and guidelines with regard to the proper exercise of the duties of its police officers.

149.    On May 17, 1990 and prior thereto, the defendant The New York City Police Department promulgated and propounded certain rules, procedures and guidelines with regard to the proper exercise of the duties of its police officers.

150.    On May 17, 1990 and prior thereto, it was the duty of Police Officers to be familiar with and to abide by the aforementioned rules, procedures and guidelines promulgated and propounded by the defendant The City of New York.

151.    On May 17, 1990 and prior thereto, it was the duty of Police Officers to be familiar with and to abide by the aforementioned rules, procedures and guidelines promulgated and propounded by the defendant The New York City Police Department.

152.    On May 17, 1990 and at all times relevant to the action herein, defendant Louis Eppolito acted in accordance with the aforementioned rules, procedures and guidelines promulgated and propounded by the defendant The City of New York.

153.    On May 17, 1990 and at all times relevant to the action herein, defendant Stephen Caracappa acted in accordance with the aforementioned rules, procedures and guidelines promulgated and propounded by the defendant The City of New York.

154.    On May 17, 1990 and at all times relevant to the action herein, defendant Louis Eppolito acted in accordance with the aforementioned rules, procedures and guidelines promulgated and propounded by the defendant The New York City Police Department.

155.    On May 17, 1990 and at all times relevant to the action herein, defendant Stephen Caracappa acted in accordance with the aforementioned rules, procedures and guidelines promulgated and propounded by the defendant The City of New York.

156.    As a result of defendant Louis Eppolito acting in accordance with the aforementioned rules, procedures and guidelines, plaintiff's decedent James Bishop was caused to suffer physical and mental injury, emotional distress and death.

157.    As a result of defendant Stephen Caracappa acting in accordance with the aforementioned rules, procedures and guidelines, plaintiff's decedent James Bishop was caused to suffer physical and mental injury, emotional distress and death.

158.    By reasons as set forth above, defendant The City of New York is liable to plaintiff's decedent James Bishop for the deprivation of his civil rights under the color of state law, including violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, Title 28 U.S.C. Sections 1331, 1343, 1367 and 2202 and Title 42 U.S.C. Sections 1982, 1983 and 1985, and Article I of the New York State Constitution and New York State Statutes.

159.    By reasons as set forth above, defendant The New York City Police Department is liable to plaintiff's decedent James Bishop for the deprivation of his civil rights under the color of state law, including violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, Title 28 U.S.C. Sections 1331, 1343, 1367 and 2202 and Title 42 U.S.C. Sections 1982, 1983 and 1985, and Article I of the New York State Constitution and New York State Statutes.

160.    By reason of the aforesaid occurrence and the injuries and death which plaintiff's decedent James Bishop sustained thereby, he was caused to sustain and suffer physical and psychological injuries; he has suffered physical pain, mental anguish and emotional harm; he has been prevented from attending to his usual and customary activities and educational pursuits; he has suffered pecuniary loss thereby; and his said injuries are permanent in nature.

161.    By reason of the foregoing, plaintiff Frances Bishop, as Administratrix of the Estate of James Bishop, deceased, demands judgment in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A NINTH CAUSE OF ACTION

162.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

163.    By reason of the aforementioned, plaintiff's decedent James Bishop was unlawfully assaulted, battered and murdered in violation of his rights under the Constitution of the United States and the Constitution of the State of New York.

164.    The aforementioned actions of the defendants deviated egregiously from statutory requirements and/or the accepted practices of law enforcement.

165.    The aforementioned actions of the defendants were extreme and outrageous.

166.    The aforementioned actions of the defendants were intentional.

167.    By reason of the aforesaid occurrence and the injuries and death which plaintiff's decedent James Bishop sustained thereby, he was caused to sustain and suffer physical and psychological injuries; he has suffered physical pain, mental anguish and emotional harm; he has been prevented from attending to his usual and customary activities and educational pursuits; he has suffered pecuniary loss thereby; and his said injuries are permanent in nature.

168.    By reason of the foregoing, plaintiff Frances Bishop, as Administratrix of the Estate of James Bishop, deceased, demands judgment in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

WHEREFORE, Frances Bishop, as Administratrix of the Estate of James Bishop, deceased, prays for the following relief:

(a)    demands judgment against defendants The City of New York, The New York City Police Department, Louis Eppolito and Stephen Caracappa in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction on the First Cause of Action;

(b)    demands judgment against defendants The City of New York, The New York City Police Department, Louis Eppolito and Stephen Caracappa in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction on the Second Cause of Action;

(c)    demands judgment against defendants The City of New York, The New York City Police Department, Louis Eppolito and Stephen Caracappa in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction on the Third Cause of Action;

(d)    demands judgment against defendants Louis Eppolito and Stephen Caracappa in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction on the Fourth Cause of Action;

(e)    demands judgment against defendants The City of New York, The New York City Police Department, Louis Eppolito and Stephen Caracappa in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction on the Fifth Cause of Action;

(f)    demands judgment against defendants The City of New York and The New York City Police Department in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction on the Sixth Cause of Action;

(g)    demands judgment against defendants The City of New York, The New York City Police Department, Louis Eppolito and Stephen Caracappa in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction on the Seventh Cause of Action;

(h)    demands judgment against defendants The City of New York, The New York City Police Department, Louis Eppolito and Stephen Caracappa in an amount exceeding

the jurisdictional limits of all lower Courts which would otherwise have jurisdiction on the Eighth Cause of Action;

(i)    demands judgment against defendants The City of New York, The New York City Police Department, Louis Eppolito and Stephen Caracappa in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction on the Ninth Cause of Action;

(j)    demands costs, disbursements, attorneys' fees and interest associated with this action;

(k)    demands such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
      May 4, 2006

Yours, etc.,

O'DWYER & BERNSTIEN, LLP
Attorneys for Plaintiff
FRANCES BISHOP
52 Duane Street
New York, New York 10007
(212) 571-7100

By: _Cody McCone_
       CODY McCONE